UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARIUS D. JONES,
    Plaintiff,

vs.                                    Case No.: 3:25cv1355/LAC/ZCB

DAVID BRENT BROOKS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Escambia County Jail. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 8, 10).

The Court is required to screen Plaintiff's amended complaint (Doc. 10) to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e) (requiring screening of *in forma pauperis* complaints); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of

1

prisoner complaints"). Having screened the amended complaint, the Court believes dismissal is warranted for failure to state a claim.[1]

## I. Background

Plaintiff's amended complaint names two Pensacola police officers as Defendants: David Brent Brooks and Noah Isaac Duford. (Doc. 10 at 1-3). On July 13, 2025, Defendant Brooks arrested Plaintiff for battery on an officer, resisting an officer with violence, and disorderly conduct. (*Id.* at 5). According to Plaintiff, Defendant Brooks failed to advise him of his *Miranda* rights. (*Id.*). Defendant Duford escorted Plaintiff to jail and also allegedly failed to advise him of his *Miranda* rights. (*Id.* at 5-6). Plaintiff was subsequently charged with the offenses for which he was arrested. (*Id.* at 5).

The amended complaint brings two claims. (*Id.* at 7). First, Plaintiff claims Defendant Brooks violated the Double Jeopardy Clause

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining deficiencies in his prior pleading. (Doc. 9). Nonetheless, Plaintiff's amended complaint still includes some of the same pleading deficiencies. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

by arresting him for battery on an officer, resisting an officer with violence, and disorderly conduct. (*Id.*). Second, Plaintiff says Defendants Brooks and Duford failed to advise him of his *Miranda* rights. (*Id.* at 7). As relief, Plaintiff seeks damages. (*Id.*).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* pleadings are to be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.  Discussion

#### A. Plaintiff has not stated a plausible double jeopardy claim against Defendant Brooks.

Plaintiff alleges Defendant Brooks violated the Double Jeopardy Clause of the Fifth Amendment[2] by charging him with disorderly conduct, battery on an officer, and resisting arrest. (Doc. 10 at 5). As an initial matter, the Court is skeptical that a § 1983 action is the appropriate vehicle for raising a double jeopardy claim. *See Freeman v.*

---

[2] The Court assumes Plaintiff intended to bring his claim under the Fourteenth Amendment Due Process Clause instead of the Fifth Amendment given that Defendant Brooks is a state and not a federal officer. *See Jordan v. Mosley*, 298 F. App'x 803, 806 n.5 (11th Cir. 2008) (explaining that the Fifth Amendment applies only to federal officials); *see also Illinois v. Vitale*, 447 U.S. 410, 415 (1980) (explaining that the protections of the Fifth Amendment's Double Jeopardy Clause are "applicable to the States through the Due Process Clause of the Fourteenth Amendment").

*Fuller*, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985) (stating that a double jeopardy claim "is not really an appropriate basis for a § 1983 claim and is more properly asserted in the state trial and appellate courts" where the criminal prosecution is pending or in a petition for habeas corpus). But assuming *arguendo* that such a claim can be raised under § 1983, Plaintiff has not stated a plausible claim here. The Double Jeopardy Clause "prohibits successive prosecutions and multiple punishments. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Harvey*, 78 F.3d 501, 504 (11th Cir. 1996) (cleaned up).

Here, Plaintiff has not plausibly alleged that he is the victim of a second prosecution after having been previously convicted or acquitted of the same offense. Nor has he plausibly alleged that he has been punished multiple times for the same offense. Indeed, Plaintiff has not plausibly alleged any facts that support his claim that Defendant Brooks has caused him to be put twice into jeopardy for the same offense. Thus,

5

Plaintiff's claim that Defendant Brooks violated the Double Jeopardy Clause should be dismissed.

> **B. Defendants' alleged failure to advise Plaintiff of his *Miranda* rights does not give rise to a § 1983 claim.**

The amended complaint alleges that Defendants Brooks and Duford violated Plaintiff's constitutional rights by not reading him the *Miranda* warnings. This claim fails because a *Miranda* violation cannot form the basis of a § 1983 action. *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (refusing to permit § 1983 claims based on *Miranda* violations); *see also Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999) (holding that a violation of *Miranda* does not give rise to a cognizable claim under § 1983). Accordingly, Plaintiff's claims that Defendants violated *Miranda* should be dismissed.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      The Clerk of Court be directed to close this case.

At Pensacola, Florida this 13th day of November 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.